FOR PUBLICATION

FILED

JUL 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10259 |
| Plaintiff - Appellee, | D.C. No. 5:14-cr-00390-LHK-1 (PSG) |
| v. | Northern District of California, San Jose |
| QUAN PHAM HOWARD, | |
| Defendant - Appellant. | ORDER |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted to Motions Panel July 17, 2015

Before: SCHROEDER, CANBY, and KOZINSKI, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's revocation of appellant's pretrial release order. We have jurisdiction pursuant to 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291.

We review the district court's factual findings concerning the danger that appellant poses to the community under a "'deferential, clearly erroneous

standard.'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990)). The conclusions based on such factual findings, however, present a mixed question of fact and law. *Hir*, 517 F.3d at 1086. Thus, "the question of whether the district court's factual determinations justify the pretrial detention order is reviewed de novo." *Id*. at 1086-87 (citations omitted).

The district court may enter an order of revocation and detention if, after a hearing, the court: (1) finds that there is either "probable cause to believe that the person has committed a Federal, State, or local crime while on release" or "clear and convincing evidence that the person has violated any other condition of release"; and (2) finds that "based on the factors set forth in [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" or "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1) & (2).

The nature of the conduct on which the district court based the revocation order is not clear from the record. In particular, it is not clear whether the district court found that there is probable cause to believe that appellant has committed a crime while on release. Nor is it clear whether the district court found that there is

2

clear and convincing evidence that appellant violated any other condition of release. We therefore remand the matter to the district court for clarification and for further findings, to the extent further findings are necessary.

**REMANDED.**

The mandate shall issue forthwith.

## Counsel Listing

Daniel L. Barton, Nolan Barton Bradford & Olmos LLP, Palo Alto, California, for Defendant-Appellant.

Michelle Rodriguez, Special Attorney to the U.S. Attorney General, United States Department of Justice, Eastern District of California, Sacramento, California, for Plaintiff-Appellee.

**KOZINSKI**, Circuit Judge, concurring:

I join my colleagues in remanding for further findings. But, I'm troubled by the condition of release that defendant has been found to have violated. As a condition for staying out of jail pending trial, defendant was ordered to "have no contact with any employee of the USPS <u>except</u> his supervisors," and the order was later expanded to prevent him from "mak[ing] contact with any postal service employees, former or current." Defendant's counsel unwisely consented to these conditions, but they strike me as unjustified and probably unconstitutional.

According to our law, there are only two considerations the district court may take into account in determining whether to release a defendant, and what condition to impose on such release: (a) ensure that he is not a flight risk; and (b) ensure that he is not a danger to the community. 18 U.S.C. § 3142(c)(1). Preventing the defendant from talking to individuals who are potential witnesses at trial falls into neither of these categories. It certainly does not show a propensity to flee nor, of itself, is it evidence of being a danger to the community. Merely talking to a potential witness, even about the subject of his likely testimony, is not illegal. The government does this again and again with every potential witness, as long and as often as it wishes. It seems wholly inappropriate and unfair to give the government unhindered access to witnesses yet throw the defendant in the slammer

for doing the same. Defendant, no less than the government, has a legitimate interest in discussing the case with the witnesses, testing their recollections and helping them articulate the events in terms favorable to his case. When the government does this, we call it witness prep; there is no justification for calling it witness tampering when the defendant does precisely the same.

It is possible, of course, that one side or the other will step beyond witness preparation and onto witness intimidation or tampering. Both the defendant and the government can be guilty of such practices. See Alex Kozinski, Preface: Criminal Law 2.0, 44 Geo. L.J. Ann. Rev. Crim. Proc., at iii, vii, xxiii n.117 (2015). But I see no justification for precluding only one side from talking to the witnesses. Defendants should not be presumed to engage in witness tampering or intimidation; only if there is actual proof of tampering or intimidation should the district judge get involved. Here there is no such proof. All we've been told is that, as to one witness, defendant suggested a version of the facts consistent with his theory of the case. As the district court found, "Mr. Howard . . . [was] putting pressure on a potential witness. It may not be saying lie. It may not be saying testify X, Y, Z, but I think that is pressure on a potential witness." The district court seems to define "putting pressure" as any discussion with the witness of his potential testimony. This is far too broad.

I see nothing wrong with Howard's behavior. If he is not encouraging witnesses to lie or testify in particular ways, how is this "pressure"? Why isn't he entitled—just as well as the government—to test the witness's memory and let him know the facts as he (Howard) remembers them? If this amounts to pressuring witnesses, it is far less than the pressure the government often puts on witnesses when it tries to prep them to testify in its favor. The government does such things all the time. Id. If we're going to call what defendant did here tampering, I doubt there are more than a handful of prosecutors or police in the land who have not been guilty of witness tampering.

Judges have no dog in this fight. Our duty is to apply the rules fairly and equally to both sides. If Howard is to be prevented from talking to the post office witnesses, then there must be an equal prohibition applied to the government. But if the government is going to be allowed to talk to the witness, defendant must have equal access. It's only fair.

I would therefore disapprove—and disregard—any condition on Howard's liberty that is not tied closely two the two statutory requirements for the granting of pretrial release, and any condition involving access to evidence of witnesses that is not enforced with equal vigor against the government—unless there is a specific showing that the defendant has engaged in witness intimidation or tampering, as

those terms are strictly defined by the criminal laws prohibiting such conduct.  The government here has shown nothing close, so I would order Howard released at once pending further fact-finding by the district court.